If I had been a judge in the case of Ruckman v. Pitcher,
reported in 1 Comst., 392, I should not have concurred in the decision of the court, but should have dissented with Judge BRONSON. But the point having been deliberately determined, that an action will lie against a stakeholder who has paid over the bet to the winner, after the event, by the direction of the loser, we are bound to apply the law thus settled to the present and all subsequent cases.
In this case, the defendant was a stakeholder of the money sought to be recovered, and after the fight had taken place, and the event had been ascertained, the plaintiff, who had deposited his part of the money as a bet on the event of the game, directed the defendant, who was the stakeholder, to give up the money to Courtney, the other party to the bet, saying it was his, Courtney's, money. The necessary and unavoidable inference from this was, that the event had been determined in Courtney's favor; that the plaintiff acquiesced, admitted himself to be the loser, and directed the payment to be made upon the footing of money *Page 528 
lost to Courtney, by the determination of the game in his favor. There was not the slightest evidence, nor any reason to believe, or even to suspect, that the plaintiff directed the payment to be made as a gift or gratuity, irrespective of the bet, and the judge erred in submitting such a theory to the jury. The judgment should be reversed.
All the judges who heard the argument concurring,
Judgment reversed and new trial ordered.